

750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

Direct Dial 410.244.7434
hdfoley@venable.com

February 10, 2025

**Via ECF**
The Honorable Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

    Re:    *Citibank, N.A., as Trustee v. 88th Avenue Owner LLC, et al.;*
            Case No. 1:24-cv-03730-LDH-VMS (the "Action")

Dear Judge Scanlon:

    The undersigned represents Plaintiff Citibank, N.A., as Trustee on behalf of the Holders of PKHL Commercial Mortgage Trust 2021-MF, Commercial Mortgage Pass-Through Certificates, Series 2021-MF ("***Plaintiff***") in the above-referenced Action. In accordance with Rules I(b) and III(b) of Your Honor's Individual Practice Rules, this letter is written in response to the Notice of Motion to Withdraw as Counsel for Defendant Ener-Con Technical Services Corp. ("***Motion to Withdraw***"), which was filed on February 5, 20252, by Forchelli Deegan Terrana LLP as counsel for Defendant Ener-Con Technical Services Corp. ("***Ener-Con***").  *See* Doc 91.

    Although Plaintiff does not, *per se*, oppose the Motion to Withdraw; if the Court were to grant the motion as requested, Ener-Con would be left without representation and would therefore not be allowed to participate in the Action on a going forward basis because a corporation may not appear in federal court without the representation of counsel.  *See Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*."); *Mantis Transp. v. Kenner*, 45 F. Supp. 3d 229, 232 n.1 (E.D.N.Y. 2014) (enforcing the rule that any action or motion filed by a corporation purporting to act pro se must be dismissed).  Such a result would prejudice Plaintiff's ability to proceed with discovery in this case.  Indeed, Plaintiff timely served interrogatories and requests for the production of documents on Ener-Con on November 27, 2024. To date, and despite repeated requests from Plaintiff's counsel the most recent of which was the day prior to the filing of the Motion to Withdraw, Ener-Con has failed or refused to respond to Plaintiff's discovery requests.  Thus, should Ener-Con wish to continue in the litigation, the Court must require that it engage substitute counsel in a timely fashion so as to not further delay discovery in the case.



Letter to the Honorable Vera M. Scanlon
February 10, 2025
Page 2

In the event that the Court grants the Motion to Withdraw and Ener-Con fails to obtain substitute counsel, Plaintiff respectfully requests that Ener-Con's answer [Doc. 88] be stricken from the record and Ener-Con be subject to an entry of default. *See Icebox-Scoops, Inc. v. St. Honore*, No. 07-CV-544 (NG) (SMG), 2018 WL 11459112, at *3 (E.D.N.Y. July 20, 2018) (finding that default would be the appropriate result if an unrepresented corporation fails to appear through substitute counsel).

Respectfully,

*/s/ Heather Deans Foley*

Heather Deans Foley

cc: All Counsel of Record (via ECF)