

750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

Direct Dial 410.244.7434
hdfoley@venable.com

February 14, 2025

**VIA ECF**
The Honorable Vera M. Scanlon
United States District Court for the
  Eastern District of New York
225 Cadman Plaza East, 1214 South
Brooklyn, New York 11201

Re: *Citibank, N.A., as Trustee v. 88th Avenue Owner LLC, et al.;*
Case No. 1:24-cv-03730-LDH-VMS (the "Action")

Dear Judge Scanlon:

The undersigned represents Plaintiff Citibank, N.A., as Trustee on behalf of the Holders of PKHL Commercial Mortgage Trust 2021-MF, Commercial Mortgage Pass-Through Certificates, Series 2021-MF ("***Plaintiff***" or the "***Lender***") in the above-referenced Action. In accordance with Your Honor's text Order dated October 11, 2024, please accept this as the parties' joint[1] status letter regarding completed discovery items, outstanding discovery items and existing discovery disputes.

On November 27, 2024, Plaintiff served copies of interrogatories and document requests (collectively, "***Plaintiff's Discovery Requests***") on Defendants 88th Avenue Owner LLC, 89th Avenue Owner LLC and Meyer Chetrit (collectively, the "***Borrower Parties***"), Blondie's Treehouse, Inc. ("***Blondie's Treehouse***"), 20/20 Inspections Inc. ("***20/20 Inspections***"), ADD Mechanical Inc. ("***ADD Mechanical***") and Ener-Con Technical Services Corp. ("***Ener-Con***").[2] To date, the Borrower Parties, Blondie's Treehouse and 20/20 Inspections have provided written responses and produced documents; but ADD Mechanical and Ener-Con have failed to respond to Plaintiff's Discovery Requests and have not produced any documents. ADD Mechanical has requested additional time to respond, citing health reasons, and has indicated that it would do so by February 17, 2025. Ener-Con, on the other hand, has resisted responding despite repeated demands.

After reviewing the written responses and attempting to review the single 2,022-page PDF production made by the Borrower Parties, Plaintiff sent a detailed deficiency letter to the Borrower Parties on February 10, 2024 (the "***February 10th Letter***"), noting, among other things, that the format of the document production did not comply with Fed. R. Civ. P. 34(b)(E)(i)-(iii) or the instructions contained in Plaintiff's Discovery Requests, which had resulted in a confusing and unwieldy production for which Plaintiff cannot identify where documents (in particular, email chains) begin or end. Plaintiff requested that the Borrower Parties re-produce those documents in a usable format, but Plaintiff has yet to receive a response to the February 10th Letter or an updated production. Plaintiff also noted in the February 10th Letter that the Borrower Parties had not

---

[1] Counsel for Defendant Ener-Con Technical Services Corp. did not respond to requests for comment to this letter.

[2] None of the other named defendants have entered an appearance, or otherwise participated, in the case.



Honorable Vera M. Scanlon
February 14, 2025
Page 2

adequately answered certain interrogatories, choosing instead to improperly defer to future deposition testimony or object to the interrogatory as premature simply because discovery in the matter is ongoing. Before bringing these issues to the Court by way of a formal motion to compel, Plaintiff is endeavoring to resolve them through discussion and has offered to meet-and-confer with the Borrower Parties if necessary. The deficiencies in the Borrower Parties' discovery responses and document production must, however, be resolved before Plaintiff can proceed with depositions. The Borrower Parties do not agree with the Plaintiffs' characterizations of the Borrower Parties' discovery responses and production. Nonetheless, the Borrower Parties will meet and confer with Plaintiff as soon as practicable to avoid the need for motion practice. In addition, with respect to Plaintiff's document production, Plaintiff waited over 30 days to make an initial document production of about 3,000 pages just ten days ago on February 4, 2025. Furthermore, Plaintiff has indicated that it is not finished with its document production. In light of the fact that Plaintiff has not finished its document production despite serving responses to the Borrower Parties' discovery requests more than one month ago on December 27, 2024, the Borrower Parties need additional time to review Plaintiff's document production to determine whether it is sufficient.

On November 27, 2024, Defendants 20/20 Inspections and the Borrower Parties served interrogatories and document requests on Plaintiff (the "***Defendants' Discovery Requests***"). No other parties served any other written discovery. Plaintiff provided written responses to the Defendants' Discovery Requests on December 27, 2024, and made an initial production of 3,060 pages of documents on February 4, 2025. Thereafter, in anticipation of making a supplemental document production that will involve confidential materials that Plaintiff believes should not be disclosed outside of the litigation, Plaintiff prepared and circulated for comment a proposed Stipulation and Order of Confidentiality (the "***Stipulation***") on February 6, 2025. A copy of the proposed Stipulation is attached. To date, all parties other than Ener-Con have responded to the proposed Stipulation and authorized its execution and submission to the Court.

Fact discovery is set to close on March 11, 2025. Given the fact that (i) the Court has not yet ruled on Plaintiff's motion to dismiss the Borrower Parties' counterclaims [*see* Doc. Nos. 85 through 85-4, 89 through 89-4, and 90], (ii) there are a number of deficiencies in the discovery conducted to date that must be resolved, (iii) several of the parties need to complete their discovery obligations and (iv) no depositions have been noticed or taken, the parties jointly request that discovery in this matter be continued for a period of ninety (90) days.

Respectfully,

*/s/ Heather Deans Foley*

Heather Deans Foley

Enclosure
cc: All Counsel of Record (*via ECF*)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE ON BEHALF OF THE HOLDERS OF PKHL COMMERCIAL MORTGAGE TRUST 2021-MF, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2021-MF, ACTING BY AND THROUGH ITS SPECIAL SERVICER, CWCAPITAL ASSET MANAGEMENT LLC,<br><br>                    Plaintiff,<br><br>            v.<br><br>88TH AVENUE OWNER LLC; 89TH AVENUE OWNER LLC; MEYER CHETRIT; APM SERVICES GROUP CORP.; LIVE LION SECURITY LLC; ADD MECHANICAL INC.; ROCK ENVIRO LLC; FNA ENGINEERING SERVICES PC; BLONDIE'S TREEHOUSE, INC.; OZ STEEL INC.; 20/20 INSPECTIONS INC.; FRONTLINE INTERNATIONAL LLC; EMPIRE PUMP & MOTOR NY LLC, ENER-CON TECHNICAL SERVICES CORP.; INTEREBAR FABRICATORS, LLC; THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD; and NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,<br><br>                    Defendants. | Civil Case No. 24-cv-03730 (LDH) |

## STIPULATION AND ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of this Court, by and between the undersigned counsel for the parties as follows:

1. Any party or any non-party (a "**Producing Person**") in response to discovery conducted pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of New York, or with regard to materials voluntarily produced in discovery, may designate as "Confidential" any document or information provided in discovery (collectively, "**Discovery Material**"), which that Producing Person considers in good

faith to contain non-public, confidential, proprietary or commercially sensitive information, or other business or personal information subject to protection under Fed. R. Civ. P. 26(c). Any Discovery Material designated Confidential shall be marked by the Producing Person with the legend "CONFIDENTIAL" on each page so designated or on the record at the deposition before the end of the deposition. Discovery Material designated as Confidential, including the information contained therein and any document quoting or summarizing such information or materials, are hereinafter referred to as "Confidential Information."

2.  Any Confidential Information shall be treated in a confidential manner and shall be disclosed only pursuant to the terms of this Stipulation and Order. Confidential Information shall be used only for purposes of this litigation, including pretrial proceedings in this matter, preparation for the trial of this matter, the trial of this matter, and any appeals of this matter. Any other use of Confidential Information, including, but not limited to, business and commercial uses, other litigation, or for public relations, is prohibited. Any disclosure or use of Confidential Information not in accordance with this Stipulation and Order shall be subject to such sanctions as the Court may deem appropriate.

3.  Each person to whom any Confidential Information is to be disclosed pursuant to paragraphs 4 and 5 hereof (except the Court and Court personnel and court reporters) shall be provided with a copy of this Stipulation and Order prior to such disclosure.

4.  Except as otherwise provided herein, and subject to paragraph 2 hereof, Confidential Information may be disclosed only to the Court and Court personnel; named parties and employees, officers, managers and members, directors and partners of the parties, to the extent reasonably deemed necessary by counsel of record, for the purpose of assisting in the prosecution or defense of this matter; the parties' attorneys and paralegal, clerical or support personnel retained

2

by such attorneys. To the extent deemed necessary by such attorneys, Confidential Information may be shown to witnesses (including, but not limited to, former employees of a party) and their counsel, if any, PROVIDED that counsel of record for the party making such disclosure shall first ensure that a copy of this Stipulation and Order has been delivered to the witness and his or her counsel. If such disclosure is not made during or in connection with a deposition, the disclosing counsel shall obtain execution of an acknowledgement in the form attached hereto as Exhibit A. If such disclosure is made during or in connection with a deposition, the disclosing counsel shall either obtain the execution of an acknowledgment in the form attached hereto as Exhibit A or confirm on the record at the deposition in the presence of the witness that a copy of the Stipulation and Order was delivered to the witness. In the event the deposition witness does not sign the acknowledgement, nothing in this Stipulation and Order shall be deemed to prohibit the disclosing counsel from proceeding with the use of Confidential Information during the course of the deposition provided that the witness not be allowed to retain copies of any Confidential Information at the conclusion of the deposition.

5. Confidential Information may be disclosed to any expert or consultant or other third party assisting a party's counsel in connection with this matter to the extent deemed necessary in good faith by such counsel to enable the expert, consultant or such other third party to provide such assistance, PROVIDED that the expert, consultant or such other third party shall first execute an acknowledgment in the form attached hereto as Exhibit A.

6. No Confidential Information shall be disclosed to any person who, if required by paragraph 5 to sign the form of acknowledgment attached hereto as Exhibit A, does not first sign such acknowledgment. All signed acknowledgments shall be maintained by counsel for the party making the disclosure and shall be produced if required by the Court.

65839882-v2

7.      If a party objects to the designation of any Discovery Material as Confidential Information, the parties and, if applicable, the Producing Person, shall attempt to resolve the dispute. If the dispute is not so resolved, the party designating the Discovery Material as Confidential Information shall apply to the Court for a ruling that the specified Discovery Material shall be so treated, giving notice to all other parties and, if applicable, the Producing Person. Until this Court enters an order changing the designation, or until the parties and the Producing Person agree otherwise, the Discovery Material shall be treated as Confidential Information. No party, by treating designated material as Confidential Information in accordance with this Stipulation and Order, shall be deemed to have conceded that the material actually is confidential.

8.      All Confidential Information that is to be filed with the Court, and any pleadings, motions or other papers that are to be filed with the Court disclosing any Confidential Information, shall be subject to the parties' compliance with Section II.B of Judge LaShann DeArcy Hall's Individual Practices and Section I(g) of Magistrate Judge Vera M. Scanlon's Individual Practice Rules.

9.      Upon written request after the termination of this litigation, including all appeals, if any, counsel for each party shall destroy all Confidential Information, including all copies thereof, and upon written request by counsel for the Producing Person shall certify in writing to counsel for the Producing Person that the provisions of this paragraph have been complied with; PROVIDED, however, that counsel for the parties may retain in their own files all pleadings, discovery responses, court filings, transcripts, exhibits, notes and memoranda and work product embodying Confidential Information. Any such pleadings, discovery responses, court filings, transcripts, exhibits, notes and memoranda and work product so retained shall remain Confidential and subject to the restrictions contained in this Stipulation and Order.

65839882-v2

10. Information obtained from a source other than Discovery Material shall not be deemed Confidential Information, regardless of whether such information is also contained in Discovery Material designated Confidential.

11. Nothing contained herein shall be construed to limit any Producing Person from using its own Confidential Information in any manner that it may choose.

12. Nothing in this Stipulation and Order shall prevent any party from producing any document or information in his, her or its possession to another person in response to a subpoena or other compulsory process, PROVIDED, however, that if such party receives a subpoena or other compulsory process seeking production or other disclosure of Confidential Information, that party shall give prompt written notice to counsel for the Producing Person, identifying the Confidential Information and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process. When possible, at least ten (10) days written notice before production or other disclosure shall be given.

13. The parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order, or further order of the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Stipulation and Order had been entered by the Court.

14. Nothing herein shall preclude any person from applying to this Court for an order modifying this Stipulation and Order.

So ORDERED this _____ day of _____, 2025.

BY THE COURT:

                                **VERA M. SCANLON**
                                **UNITED STATES DISTRICT JUDGE**

65839882-v2

**SEEN AND AGREED TO:**

Dated: February 6, 2025.                VENABLE LLP

By: _/s/ Heather Deans Foley_
Gregory A. Cross (admitted pro hac vice)
Heather Deans Foley (admitted pro hac vice)
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202

-and-

Adam G. Possidente
151 W. 42nd Street, 49th Floor
New York, NY 10036

*Counsel for Plaintiff*

Dated:  February 13, 2025.              JACOBS P.C.

By: _/s/ Adam Sherman_
Leo Jacobs
Adam Sherman
717 Fifth Avenue, 26th Floor
New York, New York 10022

*Counsel for Defendants 88th Avenue Owner LLC, 89th Avenue Owner LLC and Meyer Chetrit*

Dated:  February 13, 2025.              TARTER KRINSKY & DROGIN LLP

By: _/s/ Rocco A. Cavaliere_
Rocco A. Cavaliere
1350 Broadway
New York, New York 10018

*Counsel for Defendant 20/20 Inspections Inc.*

| | |
|---|---|
| Dated: February 14, 2025. | THE PAUL ZILBERFEIN LAW FIRM |
| | |
| | By: /s/ Paul S. Zilberfein |
| | Paul S. Zilberfein |
| | 470 Mamaroneck Avenue, Suite 409 |
| | White Plains, New York 10605 |
| | |
| | *Counsel for Defendant ADD Mechanical Inc.* |
| | |
| Dated: February 10, 2025. | HENDERSON LAW PLLC |
| | |
| | By: /s/ Ian Henderson |
| | Ian Henderson |
| | 270 North Avenue, Suite 202 |
| | New Rochelle, New York 10801 |
| | |
| | *Counsel for Defendant Blondie's Treehouse, Inc.* |
| | |
| Dated: February __, 2025. | FORCHELLI DEEGAN TERRANA LLP |
| | |
| | By: _____ |
| | Parshhueram T. Misir |
| | 333 Earle Ovington Boulevard, 10th Floor |
| | Uniondale, New York 11553 |
| | |
| | *Counsel for Defendant Ener-Con Technical Services Corp.* |

# **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY**
## **STIPULATION AND ORDER OF CONFIDENTIALITY**

    The undersigned, _____ (print or type name), under penalty of perjury, hereby acknowledges that I have read and that I understand the Stipulation and Order of Confidentiality entered in this matter (attached hereto as <u>Exhibit 1</u>), by the United States District Court for the Eastern District of New York, on _____, 2025, and hereby agree to abide by its terms and conditions.  I also understand that any violation of the Stipulation and Order of Confidentiality by me or anyone acting under my direction may subject me to penalties for contempt of court.

    I consent to the exercise of jurisdiction over me by this Court for purposes of enforcement of the Stipulation and Order of Confidentiality.

Dated:  _____

 

_____
Signature

_____
Address

8

65839882-v2