UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CITIBANK, N.A.,
                        Plaintiff,

            -against-

88TH AVENUE OWNER LLC, 89TH AVENUE OWNER LLC, MEYER CHETRIT, APM SERVICES GROUP CORP., LIVE LION SECURITY LLC, ADD MECHANICAL INC., ROCK ENVIRO LLC, FNA ENGINEERING SERVICES PC, BLONDIE'S TREEHOUSE, INC., OZ STEEL INC., 20/20 INSPECTIONS INC., FRONTLINE INTERNATIONAL LLC, EMPIRE PUMP & MOTOR NY LLC, ENER-CON TECHNICAL SERVICES CORP., INTEREBAR FABRICATORS, LLC, THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, and NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,

                        Defendants.
------------------------------------------------------------ x

**ORDER**

24 Civ. 3730 (LDH) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      Defendants 88th Avenue Owner LLC, 89th Avenue Owner LLC and Meyer Chetrit (collectively, "Borrower") move for reconsideration of the Court's Order at ECF No. 95 appointing a receiver over the encumbered properties at 152-01 88th Avenue, 150-13 89th Avenue, 88-20 153rd Street and 152-09 88th Avenue, Jamaica, New York (collectively, the "Property"). See ECF No. 98. For the reasons stated below, Borrower's motion is denied.

**I.    BACKGROUND**

      Plaintiff Citibank, N.A. filed the instant action seeking, inter alia, a judgment of foreclosure on the Property. See generally ECF No. 1. On March 24, 2025, the Court granted Plaintiff's motion to appoint a receiver, appointed Edward A. Smith, Esq. ("Mr. Smith") as

1

receiver over the Property, and directed Plaintiff to file a letter indicating whether Mr. Smith accepted the appointment and proposing a new receiver if Mr. Smith could not accept the appointment. See ECF Nos. 94 & 95. Plaintiff filed a letter informing the Court that Mr. Smith had declined the appointment due to a conflict of interest, and proposing Brenton Hutchinson ("Mr. Hutchinson") as a receiver. See ECF No. 97.

Five days after Plaintiff's letter, Borrower filed the instant motion for reconsideration of the Court's Order appointing a receiver. See ECF No. 98. The Court directed Plaintiff to respond to Borrower's motion and ordered Borrower to respond to Plaintiff's proposed appointment of Mr. Hutchinson as receiver. See 4/9/2025 Order. Following this Order, Defendants ADD Mechanical Inc., Blondie's Treehouse Inc. and 20/20 Inspections Inc. (collectively, the "Mechanics' Lien Defendants") filed a letter in support of Borrower's motion for reconsideration. See ECF No. 99. Borrower and Plaintiff both complied with the Court's April 9, 2025, Order. See ECF Nos. 101 & 102.

## II. DISCUSSION

Local Civil Rule 6.3 of the Southern and Eastern Districts of New York provides that a "notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." The Court granted Plaintiff's motion to appoint a receiver on March 24, 2025, and issued an order appointing a receiver the same day. See ECF Nos. 94 & 95. Borrower did not move for reconsideration of the Court's order until April 8, 2025, 15 days after the Court issued the challenged Order. See ECF No. 98. Borrower's motion is untimely.

Even if Borrower's motion for reconsideration was timely, the circumstances surrounding the Order appointing a receiver do not warrant reconsideration. In general, "to succeed on a motion for reconsideration, the movant must show an intervening change of controlling law, the

2

availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Dieujuste v. Sin, 734 F. Supp. 3d 232, 233 (E.D.N.Y. 2024) (citations & quotation marks omitted). Local Civil Rule 6.3 is "narrowly construed and strictly applied to so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." Chepliko v. Cigna Life Ins. Co. of New York, 952 F. Supp. 2d 629, 631 (S.D.N.Y. 2013) (quotation omitted). In its motion for reconsideration, Borrower argues that 1) Plaintiff failed to show that the Property was in danger of irreparable, non-monetary harm; 2) Plaintiff did not show that the Property suffered a diminution in value; and 3) the Court "did not address [Borrower's] request for an evidentiary hearing to determine the issues in a complete factual record." ECF No. 98 at 2-3. The Court has already considered these arguments, finding that a receiver should be appointed because "Plaintiff has submitted evidence that under the current management and ownership of the Property, Borrower has allowed the Property to fall over $1 million behind in its obligations to outside vendors, and it has failed to [fully pay] certain water bills, thus risking additional legal troubles or a decrease in marketability." ECF No. 94 at 14.

Borrower's argument concerning an evidentiary hearing is inconsistent with its prior representations. Although Borrower initially requested an evidentiary hearing in its opposition papers, see ECF No. 56 at 3-4, the Court subsequently asked Borrower at the initial conference whether Plaintiff's motion to appoint a receiver required an evidentiary hearing, and Borrower answered in the negative. See ECF No. 70 13:10-14 ("I don't believe [Plaintiff has] met [its] burden, Your Honor. So I don't think there should be a hearing."). Furthermore, based on the record submitted, the Court found that Plaintiff had met its burden of proof, that appointment of a receiver was necessary to protect the value of the property. See ECF No. 94 at 14-15. As Borrower previously stated on the record, an evidentiary hearing here is not necessary.

3

The Court rejects Borrower's argument that the Court's concerns of the Property losing utility services are "unfounded." ECF No. 98 at 1. In support of its motion for reconsideration, Borrower offers evidence of payment plans for the Property's outstanding utility bills. See ECF Nos. 98 at 1; 98-2. Borrower's proffered payment plans do not mention any guarantees that utility service would not be discontinued during the pendency of any payment plans. See ECF No. 98-2. Notably, Borrower's evidence of a payment plan with ConEd contains an e-mail in which a ConEd representative writes, "[p]lease note, if our Field Representatives arrive to the location to terminate the service, half of the total due balance will be the required payment." Id. at 2. The Court finds that the threat of discontinued utility service at the Property, even with payment plans in place, remains imminent. Because the possibility remains that utility services at the Property could be discontinued at any point, Borrower's argument that "reconsideration is warranted" in part because "utility service to the Property has never been disrupted" is unpersuasive. ECF No. 98 at 1.

Furthermore, Borrower fails to provide any evidence that the Court must "correct a clear error of prevent manifest injustice." Dieujuste, 734 F. Supp. 3d at 233 (citation & quotation marks omitted). Borrower also argues on its motion for reconsideration – as it did in its original opposition papers – that a fee of $680,000 would be too high a cost for the Property to manage. See ECF Nos. 98 at 4; 56 at 4 n.4. The Court has already rejected this proposed fee in its Order granting Plaintiff's motion to appoint a receiver. See ECF No. 94 at 21. Borrower's argument here is without merit.

The Mechanics' Lien Defendants also ask the Court to grant Borrower's motion for reconsideration, on the grounds that a receiver's compensation would diminish the Mechanics' Lien Defendants' chances to recover their monies owed from Borrower. See ECF No. 99. This

4

argument fails on procedural grounds. A party may not make "for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." Abadi v. NYU Langone Health Sys., 714 F. Supp. 3d 387, 390 (S.D.N.Y. 2024) (quotation omitted). Defendant Blondie's Treehouse Inc. first appeared in this action on June 20, 2024. See ECF No. 34. Defendant ADD Mechanical Inc. first appeared in this action on June 26, 2024. See ECF No. 35. Defendant 20/20 Inspections Inc. first appeared in this action on July 8, 2024. See ECF No. 38. The Mechanics' Lien Defendants all had the opportunity to submit their positions on the appointment of a receiver to the Court while Plaintiff's motion was pending. Because the Mechanics' Lien Defendants did not raise any arguments opposing Plaintiff's original motion, the Court will not consider their arguments raised for the first time as part of Borrower's motion for reconsideration.

### III. CONCLUSION

For the reasons stated above, Borrower's motion for reconsideration of the Court's Order Appointing Receiver is denied.

Dated: Brooklyn, New York
　　　　July 7, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge