UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
CITIBANK, N.A., as Trustee on Behalf of the
Holders of PKHL Commercial Mortgage Trust
2021-MF, Commercial Mortgage Pass-Through
Certificates, Series 2021-MF, Acting by and
Through Its Special Servicer, CWCapital Asset
Management LLC,

                Plaintiff,

    -against-

88TH AVENUE OWNER LLC, 89TH AVENUE
OWNER LLC, MEYER CHETRIT, APM
SERVICES GROUP CORP., LIVE LION
SECURITY LLC, ADD MECHANICAL INC.,
ROCK ENVIRO LLC, FNA ENGINEERING
SERVICES PC, BLONDIE'S TREEHOUSE,
INC., OZ STEEL INC., 20/20 INSPECTIONS
INC., FRONTLINE INTERNATIONAL LLC,
EMPIRE PUMP & MOTOR NY LLC, ENER-
CON TECHNICAL SERVICES CORP.,
INTEREBAR FABRICATORS, LLC, THE CITY
OF NEW YORK ENVIRONMENTAL
CONTROL BOARD, and NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE,

                Defendants.
------------------------------------------------------------- x

**ORDER**

24 Civ. 3730 (LDH) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiff Citibank, N.A. ("Plaintiff") commenced this foreclosure action, and action to enforce a related guaranty, against borrower Defendants 88th Avenue Owner LLC and 89th Avenue Owner LLC and guarantor Defendant Meyer Chetrit on May 23, 2024.  See ECF No. 1 ¶¶ 2, 7, 12.  The remaining Defendants were named because of their mechanic's liens on the property at issue or unpaid fines related to the property at issue.  See id. ¶¶ 13-26.

1

Defendant Ener-Con Technical Services Corp. ("Ener-Con") is one of those Defendants, having "a mechanic's lien in the amount of $12,700.28, which was filed on November 16, 2023." Id. ¶ 23.  Counsel for Ener-Con first appeared in this action on June 10, 2024, wherein he "waive[d] service of all papers and notices of all proceedings herein except notice of sale, notice of application for discontinuance of the action, referee's report of sale and notice of all proceedings to obtain surplus monies."  ECF No. 25 at 1-2.  After failing to appear at the initial conference in this action, counsel for Ener-Con filed a letter explaining that "Ener-Con takes no position in tis case and has no claims against any of the parties to this action, and only seeks to be paid the amount of its lien claim should the Premises be sold at auction and there is a surplus," particularly given that "the value of the Mechanic's Lien is dwarfed by the amount sought in the complaint filed by Citibank," such that, "[f]or Ener-Con to participate in every aspect of this complex litigation would result in Ener-Con's attorney's fees far exceeding the amount sought in the Mechanic's Lien."  ECF No. 79 at 1-2.  Counsel for Ener-Con subsequently sought and obtained an extension of time to answer the complaint, see 12/2/2024 Order; 12/6/2024 Order, and timely answered the complaint, see generally ECF No. 88.

Counsel for Ener-Con then moved to withdraw as counsel, citing Ener-Con's termination of counsel's representation and noting that "Ener-Con is a lienor with a small claim seeking satisfaction of the Mechanic's Lien in the event there are surplus monies remaining should the Premises be sold to satisfy Plaintiff's mortgage."  See ECF No. 91-1 ¶¶ 3, 11 (citation omitted). Plaintiff did not oppose the motion but noted that, if the motion were to be granted, "Ener-Con would be left without representation and would therefore not be allowed to participate in the Action on a going forward basis because a corporation may not appear in federal court without the representation of counsel," such that Plaintiff requested that Ener-Con's answer be stricken if

the motion were to be granted and if Ener-Con failed to obtain new counsel. See ECF No. 92 at 1-2 (citations omitted). The Court granted Ener-Con's counsel's motion; construed Plaintiff's response as a motion to strike Ener-Con's answer, which the Court denied without prejudice; and instructed that new counsel for Ener-Con was to file a notice of appearance by May 27, 2025, warning Ener-Con that it "may not proceed pro se in this case and must be represented by an attorney . . . [and] that failure to participate in this case may result in Plaintiff's making a motion to strike Defendant's answer . . . , requesting an entry of a certificate of default against Ener-Con, and moving for a default judgement against Ener-Con." 4/9/2025 Order. New counsel for Ener-Con did not appear by the aforementioned deadline, or to date, and, as such, Plaintiff renewed its motion to strike Ener-Con's answer. See generally ECF No. 106.

Plaintiff's motion to strike Ener-Con's answer is denied without prejudice. Where a corporate defendant's counsel has withdrawn after filing an answer on the corporate defendant's behalf, "[t]hough it is well-established that corporations may not proceed pro se in federal court, they must be given time to obtain counsel and must be warned of the failure to do so." Keith v. Austin Coins, Inc., No. 23 Civ. 9461 (SJB) (LGD), 2025 WL 2980526, at *2 (E.D.N.Y. Sept. 18, 2025) (citation omitted). As to the former, namely time to obtain new counsel, Ener-Con has had sufficient time, of more than nine months, to obtain counsel but has not done so. See id. (reasoning that "[t]he Corporate Defendants in this case certainly had ample time – almost ten months – to obtain counsel," given that "[c]ourts have held that durations of a year, and even of six months, sufficiently weigh in favor of dismissal for unrepresented corporations" (citation & quotations omitted)). As to the latter, namely a warning of the consequences of the failure to obtain new counsel, although the Order on the motion to withdraw sufficiently warned of the aforementioned consequences, see 4/9/2025 Order, "there is no indication that . . . the relevant

3

order[] [was] . . . sent to the last known business address[] of the corporation[] (or other designated corporate address); nor does there appear to have been any direction to prior counsel to inform their client about the need to obtain counsel." Id. (citations omitted).  Accordingly, the motion is denied without prejudice.

Ener-Con is warned that it may not proceed pro se in this action and that it must be represented by an attorney.  If Ener-Con wishes to participate in this action, its new counsel must appear in this action by February 27, 2026.  Ener-Con is further warned that failure to participate in this action, through an attorney, by February 27, 2026, will very likely result in the filing of a renewed motion to strike Ener-Con's answer, a request for an entry of default against Ener-Con, and a motion for default judgment against Ener-Con.  If the default motion is granted, the judgment may be granted against Ener-Con, which may subject it to various consequences, including, but not limited to, loss of its right to enforce the mechanic's lien against the real property or at least loss of priority in any enforcement effort.

The Court will mail this Order to Defendant Ener-Con Technical Services Corp., 1233 McDonald Avenue, Brooklyn, NY 11230.  Plaintiff is reminded that all motions must be properly served in accordance with all applicable Rules.

Dated: Brooklyn, New York
          January 30, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge